———◦O◦———

### COUNTY OF ST. LOUIS v. GEORGE CLAY.

1 No other person, except the circuit attorney, is authorized to prosecute actions, in which the *county* is concerned.

2 Quere? Where such a suit is instituted by an authorized agent, and the judgment of the justice being against the county, an appeal is taken to the circuit court, and judgment given against the appellant. Is it error to enter up judgment against the security in the recognizance alone?

APPEAL from the St. Louis Circuit Court.

*Mullanphy*, attorney for appellant:

The main question in this case is this: was it necessary for the circuit attorney, in person, to commence this action before the justice? or to state the question with a more direct relation to the subject in hand, was it necessary for the circuit attorney, in person, to commence before the justice an action on the 8th section of the act regulating estrays, approved February 19th, 1825? I think not: for the following reasons:

1st. Because the circuit attorney is no where mentioned in the 8th section of the act regulating estrays, approved February 19th, 1825, or in any other section of the said act.

2d. Because the law prescribing the duties of the circuit attorney, and commanding him to prosecute, &c., Revised Code of 1825, page 157, must, in reason, be referred to courts of record, where attorneys are recognized and employed. Hence the term attorney of record.— The pleadings before justices of the peace are ore tenus, and consequently the complaint in this cause need not have been signed by any person as attorney. Therefore the signature of the attorney's name attached to the com-

A

plaint before the justice is mere surplusage, and can have no effect one way or the other. Regular attorneys are not necessary to proceedings before a justice, and are not recognized as such in justices courts.

3d. Because the law cannot have contemplated to make the circuit attorney a prosecutor in the justices court, and at the same time made the self-same circuit attorney the legal adviser of the justice in giving his decisions upon the very matters which the circuit attorney has as prosecutor argued before such justice, which would be the result of making the circuit attorney prosecutor before the justice. When the act prescribing the duties of the circuit attorney commands him, (Rev. Code of 1825, p. 157) without fee or reward, to give his opinion to any justice of the peace, any county court, or any tribunal established for the transaction of county business, or any justice or member thereof, within his circuit, when required, on any question of law arising in any criminal case, or other case, wherein the State, or any county, is concerned, pending before such officer, court, or tribunal.

4th. Because, in the same section of the law from which the above quotation is taken, and immediately preceding the above quotation, the circuit attorney is commanded to prosecute, &c., and then, immediately afterwards, in the same section, in the next sentence of the same section immediately after, he is commanded to prosecute in the law contained in the above quotation, the same circuit attorney is constituted the legal adviser and quasi, coassessor and co-judge, with the justice of the peace, on any question arising in any criminal case, or other case, wherein the State or any county is concerned, pending before such justice of the peace. I then contend that section must be construed so as not to make the circuit attorney prosecutor before the justice in those cases in which he is constituted the legal adviser and quasi co-assessor and co-judge of the justice which is the reasonable prima facie and apparent reading and construction of that section.

5th. Because, to oblige the circuit attorney to prosecute before the justice in an action like this, would be inconvenient, argumentum ab inconvenienti pluremum valet in lege—Coke. Some of the circuit attorney's circuits in this State contain sixty or seventy justices courts, continually and daily employed in trying assaults and batteries, and other actions, which are brought in the name of the State, or of counties, which said State and counties are interested in the same; and should the circuit attorney be obliged to commence prosecution before the jus-

JUNE TERM
1837.

Cn'ty of St. Louis
v.
George Clay.

tice in this, those, and the like actions, one of the two following consequences would result: There would be a complete and universal denial of justice; because it would be impossible for the circuit attorney to commence and prosecute myriads of actions in the myriads of justices courts in his circuit, and at the same time follow and attend upon the grand juries and the circuit court.

6th. Because, it has not been the practice of the country that statutory actions, in which the fine or forfeiture goes to the State or county, and in which the fine or forfeiture is to be recovered before a justice of the peace, such as actions for assault and battery, and others, be commenced before the justice of the peace by the circuit attorney. And herein for the support of this argument, an appeal has to be made to the personal knowledge of the court, and bar as the usage of the county in this particular, and as to the fact that although many such actions have eventually been carried up to the highest tribunals of the country, and there warmly argued and contested; yet that an objection to there not being commenced by the circuit attorney before the justice has never yet been taken.

7th. Because, the eighth section of the act regulating estrays, approved February 19th, 1825, after giving the action against the offender in this case, proceeds with the following proviso: Provided, that nothing herein contained shall prevent the owner from having and maintaining his action against such person (the offender) for the recovery of the damages he may sustain in consequence of said beast being used or worked as aforesaid.

*Primm* and *Drake*, attorneys for defendant:

1st. The suit was not commenced, nor was it prosecuted, by the circuit attorney, when by the law in force when the suit was brought it should have been commenced by him. Upon the subject of who shall represent a county in a suit, the words of the law are imperative, and admit of but one construction; Revised Laws of 1825, page 157.

2nd. That the circuit attorney has no power to delegate his exclusive authority to represent a county—Revised laws of 1825, p. 157, sec. 3.

3rd. A county being a corporation, must act through the circuit attorney or through an agent specially authorised—and Mullanphy does not appear to have had either a general or special authority to bring this suit.

4th. If any private individual can commence and pros-

JUNE TERM
1837.

Cn'ty of St. Louis
v.
George Clay.

ecute an action on behalf of the *county* by a parity of reasoning, any private individual may commence and prosecute an action on behalf of the *State,* which the law cannot be construed to contemplate.

5th. There is but one case expressly provided for by law, where a private individual can use the name of the State as prosecutor, to wit: in cases of assault and battery, which must be considered as an exception to the general rule, and consequently make the general rule stronger. If the law contemplated that the name of a county should be used in any case by a private person, would not special provision have been made?—Revised laws of 1825, p. 140, sec. 4.

6th. That if any individual can without authority use the name of a county as prosecutor, the public interests might be injuriously affected by throwing the county into great costs without their consent or even their knowledge.

7th. That to allow every individual to use the name of a county, would give room for its use as an engine of private malevolence, which might be used to a most injurious extent, because the party using it, is under no liability for costs.

TOMPKINS, Judge:

The county of St. Louis sued Clay in an action of debt, before a justice of the peace, for breach of the statute entitled an act regulating estrays. Mullanphy was attorney. Judgment before the justice was given for the defendant. In the circuit court, the defendant again had judgment rendered in his favor.

The plaintiff in the action moved for and obtained a new trial. The defendant then moved to dismiss the cause, because the action in behalf of the county was brought by Mullanphy as attorney for the county, and not by the circuit attorney. The cause for this reason, was dismissed at the costs of Bryan Mullanphy, security in the appeal bond. To reverse the judgment of the circuit court, this appeal is taken, and it is contended

1st. Actions may be brought for the county by other persons than the circuit attorney.

2nd. That the judgment of the circuit court on dismissing the cause, should have been against the county and Bryan Mullanphy, and not against Bryan Mullanphy alone.

1st. The second section of the act relating to the attorney general and circuit attorneys, passed 9th Dec., No other person, except the circuit attorney, is autho-

1824, (the law in force when this action was commenced) provides that it shall be the duty of the circuit attorney to commence all actions, suits, process and prosecutions, civil and criminal, in which the State or any county may be concerned, within his circuit. And it seems to me that the policy of the law requires that no other person should prosecute; otherwise the State and county might incur great expense by the prosecution of frivolous suits, at the instance of unauthorized agents.

Quere? Where such a suit is instituted by an authorized agent, and the judgment of the justice being against the county, an appeal is taken to the circuit court, and judgment given against the appellant. Is it error to enter up judgment against the security in the recognizance alone?

2nd. The seventeenth section of the 8th article of the act to establish justices courts, and regulate proceedings therein, provides, that in all appeals from a justices court, if the judgment of the justice be affirmed, or if on a trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and his securities in the recognizance for the appeal.

But for this statute the judgment of the circuit court must have been given against the county of St. Louis alone; and the defendant in this action would have had no remedy against the security in the recognizance for the appeal, but on this recognizance. It seems to me therefore, that the circuit court committed error in giving judgment against the security in the recognizance alone; and that for this reason, its judgment ought to be reversed.

McGIRK, Judge:

I concur in the foregoing opinion on the first point.— But on the last point, (to wit:) whether judgment against Mullanphy on the appeal bond is erroneous, because there is not also judgment against the county? I think the judgment is right. Because the failure to render judgment against the county, if an error at all, is not such error as injured Mullanphy, he being liable for the costs at all events. The court being divided in opinion, the judgment of the circuit court is affirmed with costs.